IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAMON DAMON and <br> CHRISTINE DAMON, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA <br> DEPARTMENT OF THE ARMY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:24-cv-335-RAH-CWB <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs, who are acting *pro se*, filed this action on June 6, 2024 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). After referral was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate" (Doc. 4), the undersigned observed that the application for *in forma pauperis* status contained no substantive financial information from which eligibility could be determined and therefore directed Plaintiffs to "file a long-form application no later than July 9, 2024" (*see* Doc. 5). Plaintiffs additionally were cautioned that "a failure to submit a properly completed long-form application, including a declaration under penalty of perjury, may result in a dismissal of this action without further notice." (*Id*.). When no long-form application or other information was received by the imposed deadline, the undersigned next directed Plaintiffs "to show cause by July 26, 2024 as to why this action should not be dismissed due to their non-compliance." (Doc. 6). And Plaintiffs were expressly warned that "a failure to respond to this Order … will result in a recommendation of dismissal." (*Id*.). The docket reflects that the Order was received by Plaintiffs on July 23, 2024. (*See* Docs. 7 & 8).

1

Despite the court's instructions and admonition, Plaintiffs failed to take action by the July 26, 2024 deadline. The undersigned finds Plaintiffs' failure to comply or otherwise respond as constituting a clear record of delay and/or willful contempt; and the undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiffs have remained non-responsive notwithstanding multiple warnings about the potential for a dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is now the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that objections to this Recommendation must be filed no later than **August 16, 2024**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the

right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only from an appealable decision entered by the District Judge.

**DONE** this the 2nd day of August 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**